UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | No. 6:13-CR-20-GFVT-HAI-3 |
| ) | |
| v. ) | RECOMMENDED DISPOSITION |
| ) | |
| BOBBY DARRELL CANADA, II, ) | |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On referral from District Judge Van Tatenhove, the Court considers reported violations of supervised release conditions by Defendant Bobby Canada, II. District Judge Van Tatenhove entered a judgment against Defendant on July 8, 2014, following a guilty plea to conspiracy to manufacture fifty grams or more of a methamphetamine mixture. D.E. 662. Defendant was sentenced to forty-one months of imprisonment followed by a forty-eight month term of supervised release. *Id.* On September 17, 2015, Judge Van Tatenhove, pursuant to 18 U.S.C. § 3582(c)(2), reduced Defendant's sentence to thirty-three months. D.E. 990. Defendant began his supervised release term on November 6, 2015.

On February 18, 2016, a Report on Offender Under Supervision was issued by the United States Probation Office (USPO). D.E. 1033. The report indicated that Defendant had provided a urine specimen that tested positive for oxycodone, amphetamine, and buprenorphine, following an admission of the use to the USPO. Judge Van Tatenhove approved the USPO's request for no action, and Defendant was referred to outpatient substance abuse counseling. *Id*.

On April 20, 2016, the USPO submitted a Request for Modifying the Conditions or Term of Supervision with Consent of the Offender after Defendant provided a urine specimen that tested positive for methamphetamine and oxycodone and a subsequent specimen that tested

positive for oxycodone. D.E. 1044. The USPO requested that Defendant be required to complete an Intensive Outpatient Program (IOP) and pay for the costs of the program, and that Defendant be required to report to the USPO for weekly drug testing for a period of three months. *Id.* Judge Van Tatenhove approved the Request on April 20, 2016.

On May 26, 2016, the USPO submitted a Supervised Release Violation Report (the "Report"), and secured a warrant from Judge Van Tatenhove. The Report charges Defendant with two violations of his supervised release. First, in Violation #1, the Report alleges that Defendant violated the condition of his release which requires him to "refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician." Specifically, the Report alleges that, on May 10, 2016, Defendant provided a urine specimen that tested positive for oxymorphone, a metabolite of oxycodone. This is a Grade C Violation.

Second, in Violation #2, the Report charges Defendant with a violation of the condition of his supervised release that requires that he "not commit another federal, state, or local crime." Noting the Sixth Circuit's decision that use of a controlled substance includes possession and Defendant's criminal history, Violation #2 charges Defendant with conduct that would be a federal crime, that is, possession of oxymorphone. Such conduct would be a Class E Felony pursuant to 21 U.S.C. § 844(a), Simple Possession of a Controlled Substance. This is a Grade B violation.

Magistrate Judge Edward B. Atkins conducted an initial appearance pursuant to Rule 32.1 on June 14, 2016, and set a final hearing following a knowing, voluntary, and intelligent waiver of the right to a preliminary hearing. D.E. 1044. The United States moved for interim

detention and Defendant did not argue for release. *Id.* Based on the heavy defense burden under 18 U.S.C. § 3143(a), Defendant was remanded to the custody of the United States Marshal. *Id.*

At the final hearing on June 22, 2016, Defendant was afforded all rights due under Rule 32.1 and 18 U.S.C. § 3583. D.E. 1056. Defendant competently entered a knowing, voluntary, and intelligent stipulation to both violations. *Id.* For purposes of Rule 32.1 proceedings, Defendant admitted the factual basis for both violations as described in the Report. In the Supervised Release context, the Sixth Circuit treats controlled substance use as equivalent to possession. *See United States v. Crace*, 207 F.3d 833, 836 (6th Cir. 2000). The United States thus established both Violations #1 and #2 under the standard of § 3583(e).

The Court has evaluated the entire record, the prior submissions to the Court, the Report and accompanying documents, and the sentencing materials from the underlying Judgment in this District. Additionally, the Court has considered all of the § 3553 factors imported into the § 3583(e) analysis. Under § 3583(e)(3), a defendant's maximum penalty for a supervised release violation hinges on the gravity of the underlying offense of conviction. Defendant pled guilty to conspiracy to manufacture fifty grams or more of a methamphetamine mixture in violation of 21 U.S.C. § 846, which is a Class B felony. *See* 21 U.S.C. § 841; 18 U.S.C. § 3559. For a Class B felony, the maximum revocation sentence provided under § 3583 is three years of imprisonment. 18 U.S.C. § 3583(e)(3). The Policy Statements in Chapter 7 of the Sentencing Guidelines provide advisory imprisonment ranges for revocation premised on criminal history (at the time of original sentencing) and the "grade" of the particular violation proven. *See United States v. Perez-Arellano*, 212 F. App'x 436, 438–39 (6th Cir. 2007) ("Although the policy statements found in Chapter Seven of the United States Sentencing Guidelines recommend ranges of imprisonment, U.S.S.G. § 7B1.4, such statements 'are merely advisory' and need only be

3

considered by the district court before sentence is imposed.") (citation omitted). Under § 7B1.1, Defendant's admitted conduct would qualify as a Grade C violation with respect to Violation #1 and a Grade B violation with respect to Violation #2. Given Defendant's criminal history category of I (the category at the time of the conviction in this District) and a Grade B violation, *see* U.S.S.G § 7B1.2(b) ("Where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade."), Defendant's range, under the Revocation Table of Chapter 7, is four to ten months.

The United States argued for revocation and a term of imprisonment of ten months to be followed by forty-eight months of supervised release. In support of this recommendation, the United States first noted that Defendant's underlying conviction was very serious. According to counsel, a large scale methamphetamine conspiracy poses a significant threat to public safety, and Defendant's return to the use of controlled substances raises the risk he will return to such criminal activity. Moreover, the United States asserted that the biggest aggravating factor for the Court to consider is Defendant's breach of the Court's trust. According to the United States, Defendant has been given multiple breaks in the form of the no action approvals by the Court, but has continued to violate the terms of his supervision. Counsel argued that while Defendant's work ethic and honesty were mitigating factors, they are outweighed by Defendant's breaches of trust. Finally, the United States argued that four years of supervised release is necessary because Defendant has only served a few months of his original four-year term of supervised release.

Defense counsel argued for revocation and a term of imprisonment of four months to be followed by a term of supervised release. In support of this recommendation, defense counsel stated that there are multiple mitigating factors for the Court to consider. First, defense counsel

4

noted that Defendant is an extremely hard worker and has maintained employment throughout his term of supervision. Moreover, counsel asserted that Defendant has been honest with the USPO about his drug use, and admitted his wrongful conduct. Counsel noted Defendant's low criminal history and asserted that he poses little to no threat to the public. Finally, defense counsel agreed with the United States that supervised release is necessary as Defendant needs help with his drug addiction. Defendant addressed the Court and stated he has a severe drug addiction that has led him to commit criminal acts. He noted that all of his criminal actions have been directly related to his drug problem. He further indicated that, regardless of his sentence, he is going check into an inpatient substance abuse program upon release from confinement.

At the outset, the Court notes that Congress does ***mandate*** revocation in a case of this nature. By statute, the Court must revoke Defendant and impose imprisonment because he possessed a controlled substance. *See* 18 U.S.C. § 3583(g)(1); *see also United States v. Crace*, 207 F.3d 833, 836 (6th Cir. 2000) (equating use with possession). The Sixth Circuit clearly and repeatedly has equated drug use with possession, and Defendant's admitted use in this context undoubtedly results in application of § 3583(g)(1). *See United States v. Metcalfe*, 292 F. App'x 447, 450 n.2 (6th Cir. 2008) ("Mandatory revocation was . . . warranted under § 3583(g)(1), as we have held that the use of a controlled substance constitutes possession under that subsection."). To determine an appropriate revocation term of imprisonment, the Court has considered all the statutory factors imported into the § 3583(e) analysis, as well as the Guidelines Range. The nature and circumstances of Defendant's underlying conviction are serious. *See United States v. Johnson*, 640 F.3d 195, 203 (6th Cir. 2001) (explaining that this sentencing factor focuses upon the original offense rather than the violations of supervised release). A large scale methamphetamine manufacturing conspiracy, such as the one Defendant was a part of,

poses a significant danger to the community. Although Defendant played a small role in the conspiracy and has not returned to manufacturing illegal drugs, his return to the use of controlled substances is particularly troubling. Moreover, the need to protect the public and deter criminal conduct is significant in this case as any use of controlled substances while on release constitutes criminal conduct and endangers public safety.

The Court has also considered Defendant's history and characteristics which include multiple mitigating factors. He is a hard worker and has demonstrated his ability to maintain employment while on release. He has also consistently been forthcoming and honest in response to all inquiries made by the USPO. Moreover, due to his low criminal history category, Defendant received a "safety valve" sentence on the underlying conviction pursuant to U.S.S.G. § 5C1.2. Despite these positives, Defendant has a severe drug addiction that he must get under control. He acknowledges that he has significant problem, which is a commendable step, but his repeated use of a variety of different controlled substances indicates that he does not appreciate the severity of his addiction. If Defendant can put his addiction behind him, he can become a valued, productive member of society. If he cannot, he will continue to commit criminal acts, and spend significant amount of time incarcerated.

The Court reminds Defendant that the Guidelines suggest that the ***primary*** wrong in the supervised release context is the violation of the Court's trust by an offender; the particular conduct is an important but secondary issue. *See* Guidelines 7 Pt. A(3)(b) ("[A]t revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator.").

Defendant's breach of the Court's trust in this case is aggravating. Despite defense counsel's arguments that it was the USPO that placed trust in Defendant and not the Court, Judge Van Tatenhove placed a significant amount of trust in Defendant by accepting the USPO's recommendation that no action be taken on Defendant's prior violations. Yet Defendant continued to use controlled substances. This conduct not only illustrates Defendant's severe drug problem, but a lack of respect for the Court's leniency and trust. This significant breach warrants a term of imprisonment.

Ultimately, the court recommends revocation and a sentence of seven months and, for the reasons stated above, the Court finds such a term to be sufficient, but not greater than necessary, to meet the section 3553(a) factors incorporated into this analysis. *See* 18 U.S.C. § 3583(e). Moreover, the need to avoid unwarranted sentence disparities among defendants with similar records who have committed similar violations is addressed by the recommendation of a sentence within Defendant's Guidelines Range. Seven months is in the middle of Defendant's Guidelines Range and reflects that Defendant's conduct on release is troublesome, but that his history and characteristics provide some mitigating effect.

A court also may reimpose supervised release, following revocation, for a maximum period that usually subtracts any term of incarceration actually imposed due to the violation. *See* 18 U.S.C. § 3583(b) & (h). The post-revocation cap depends on the "term of supervised release authorized by statute for the offense that resulted in the original term of supervised release." *See* 18 U.S.C. § 3583(h). The general supervision-term limits of § 3583(b) apply "[e]xcept as otherwise provided." *See id.* § 3583(b). Defendant's conviction under 21 U.S.C. § 846, with penalties described in 21 U.S.C. § 841, carried no maximum term of supervised release. Under section 3583(h), there is no maximum here either. 18 U.S.C. § 3583(h). The Court recommends

7

that a term of supervised release be reimposed for forty-eight months, under the conditions previously imposed, including that, upon release, Defendant shall be evaluated by the USPO for eligibility for participation in a substance abuse program. Defendant needs to learn to control his drug addiction, and a term of supervision will assist him in doing that.

Based on the foregoing, the Court **RECOMMENDS**:

1. Revocation with a term of imprisonment of seven months; and

2. A term of supervised release of forty-eight months, under the conditions previously imposed at Docket Entry 662, including that, upon release, Defendant shall be evaluated by the USPO for eligibility for participation in a substance abuse program.

Defendant's right of allocution under Rule 32.1 is preserved, as reflected in the record. Any waiver should comport with the Court's standard waiver form, available from the Clerk. Absent waiver, the matter will be placed on District Judge Van Tatenhove docket upon submission.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. *See also* 18 U.S.C. § 3401(i). As defined by § 636(b)(1), within fourteen days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, de novo, by the District Court. Failure to make timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981); *Thomas v. Arn*, 106 S. Ct. 466 (1985).

This the 23rd day of June, 2016.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge