UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>Plaintiff  )<br>  )<br>V.  )<br>  )<br>BOBBY DARRELL CANADA, II,  )<br>  )<br>Defendant  ) | Criminal No. 13-20-GFVT<br><br>**ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Before the Court is Magistrate Judge Hanly A. Ingram's Recommended Disposition. [R. 1057.] On May 10, 2016, Defendant Bobby Darrell Canada submitted a urine specimen that tested positive for "a metabolite of oxycodone." [*Id.*] He is now charged with violating two conditions of his supervised release, including (1) use of a controlled substance and (2) commission of another federal and/or state crime. [*Id.* at 2.] At his final revocation hearing, Canada "competently entered a knowing, voluntary, and intelligent stipulation to both violations." [*Id.* at 3.]

In his recommendation, Judge Ingram fully considered the § 3553 factors incorporated into the § 3583(e) analysis. He noted that "a large scale methamphetamine conspiracy, such as the one Defendant was a part of, poses a significant danger to the community." [*Id.* at 5-6.] And he also found that "the need to protect the public and deter future criminal conduct is significant in this case as any use of controlled substances while on release constitutes criminal conduct and endangers public safety." [*Id.* at 6.] Judge Ingram also recognized, however, that Canada "has demonstrated his ability to maintain employment while on release," and that he has "consistently been forthcoming and honest in response to all inquiries made by the USPO." [*Id.*] Still, "his

repeated use of a variety of different controlled substances," even after the Court gave him some leniency, "indicates that he does not appreciate the severity of his addiction." [*Id.*] Ultimately, Judge Ingram recommended revocation of Canada's release and a term of imprisonment of seven months. [*Id.* at 8.]

Generally, this Court must make a *de novo* determination of those portions of the Recommended Disposition to which objections are made. 28 U.S.C. § 636(b)(1)(c). But when no objections are made, as in this case, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, this Court has carefully examined the record and agrees with Judge Ingram's Recommended Disposition.

Accordingly, the Court **HEREBY ORDERS** as follows:

1. The Recommended Disposition **[R. 1057]** as to Defendant Bobby Darrell Canada, II is **ADOPTED** as and for the Opinion of the Court;

2. Canada is found to have violated the terms of his Supervised Release as set forth in the Report filed by the U.S. Probation Officer and the Recommended Disposition of the Magistrate Judge;

3. Canada's Supervised Release is **REVOKED**;

4. Canada is **SENTENCED** to the Custody of the Bureau of Prisons for a term of seven (7) months with a term of supervised release of forty-eight (48) months, under the conditions previously imposed at DE 662, including that, upon release, he shall be evaluated by the USPO

for eligibility for participation in a substance abuse program; and

    5. Judgment shall be entered promptly.

This 8th day of August, 2016.

Gregory F. Van Tatenhove
United States District Judge