UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No.: 6:13-cr-00020 |
| | ) | |
| V. | ) | |
| | ) | **ORDER** |
| BOBBY DARRELL CANADA, II, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Recommended Disposition (R&R) of United States Magistrate Judge Hanly A. Ingram. [R. 1169.] For the following reasons, his R&R is adopted as and for the opinion of the Court.

The Defendant first violated the terms of his supervised release on February 11, 2016, but his supervision was not revoked at that time. [*Id*. at 1.] On April 20, 2016, the Defendant again violated the terms of his supervised release but his supervision was not revoked and he was required to attend an Intensive Outpatient Program. [*Id*. at 1.] On May 26, 2016, the Defendant violated the terms of his supervised release for a third time. His supervised release was revoked and he served seven (7) months in federal custody with forty-eight (48) months of supervision following. [*Id*. at 2.] Shortly after being released, in April 2017, the Defendant violated again but was not revoked. [*Id*. at 2.]

On March 23, 2018, USPO issued a Report, charging Defendant with two charges, related to using unlawful substances. [*Id.* at 3.] On March 29, 2018, the USPO issued an

Addendum charging Defendant with two additional charges related to using unlawful substances. [*Id*. at 3.] These four charges have led to the current violation of supervised release.

Upon evaluation of the entire record, including the Supervised Release Violation Report and accompanying documents and the sentencing materials from the underlying judgments in this District, Magistrate Judge Atkins recommended a period of incarceration of twenty (20) months with no period of supervised release. [*Id.* at 9.] Judge Ingram has justified this above-guidelines recommendation due to the Defendant's previously lenient treatment, that he has violated five separate times, and his dishonesty with USPO. [*Id*. at 9.] The Defendant has waived his right to allocution. [R. 1177.]

Generally, this Court must make a *de novo* determination of those portions of a recommended disposition to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, however, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard . . . ." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Parties who fail to object to a Magistrate's recommended disposition are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, this Court has examined the record, and it agrees with the Magistrate Judge's Recommended Disposition.

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. The Magistrate's Recommended Disposition [**R. 1169**] as to Bobby Darrell Canada, II is **ADOPTED** as and for the Opinion of the Court;

2. Mr. Canada is found to have committed all four (4) violations as identified in the Recommended Disposition of the Magistrate Judge;

2

3. Mr. Canada's Supervised Release is **REVOKED**; and

4. Mr. Canada is hereby sentenced to a term of incarceration for **twenty (20) months** with no period of supervised release to follow.

This the 26th day of June, 2018.

Gregory F. Van Tatenhove
United States District Judge